UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ARTHUR PHELPS, | ) | 1:12-cv-01562 MJS HC |
| | ) | |
| Petitioner, | ) | FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION WITHOUT LEAVE TO AMEND FOR FAILURE TO STATE A COGNIZABLE CLAIM |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | (Doc. 1) |
| RICK HILL, Warden, | ) | |
| | ) | ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT COURT JUDGE TO THE PRESENT MATTER |
| Respondent. | ) | |
| _____ | ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**I.  DISCUSSION**

    **a.  Procedural Grounds for Summary Dismissal**

Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. See Herbst v. Cook, 260 F.3d 1039 (9th Cir. 2001). Allegations in a petition that are vague, conclusory, or palpably

incredible are subject to summary dismissal. Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990). A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

### b. Factual Summary

On September 24, 2012, Petitioner filed the instant petition for writ of habeas corpus. (Pet., ECF No. 1.) Petitioner challenges the December 6, 2010 decision of the Board of Parole Hearings ("Board") finding him unsuitable for parole. Petitioner claims the California courts unreasonably determined that there was some evidence he posed a current risk of danger to the public if released. Petitioner also asserts that the parole denial constituted cruel and unusual punishment under the Eighth Amendment.

### c. Federal Review of State Parole Decisions

Because the petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the AEDPA applies in this proceeding. Lindh v. Murphy, 521 U.S. 320, 327, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997); Furman v. Wood, 190 F.3d 1002, 1004 (9th Cir. 1999).

A district court may entertain a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court only on the ground that the custody is in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. §§ 2254(a), 2241(c)(3); Williams v. Taylor, 529 U.S. 362, 375 n.7, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000); Wilson v. Corcoran, 131 S.Ct. 13, 16, 178 L. Ed. 2d 276 (2010) (per curiam).

The Supreme Court has characterized as reasonable the decision of the Court of Appeals for the Ninth Circuit that California law creates a liberty interest in parole protected by the Fourteenth Amendment Due Process Clause, which in turn requires fair procedures with respect to the liberty interest. Swarthout v. Cooke, 131 S.Ct. 859, 861-62, 178 L. Ed. 2d 732 (2011).

However, the procedures required for a parole determination are the minimal requirements set forth in Greenholtz v. Inmates of Neb. Penal and Correctional Complex, 442

1  U.S. 1, 12, 99 S. Ct. 2100, 60 L. Ed. 2d 668 (1979).[1] Swarthout, 131 S.Ct. at 862. In

2  Swarthout, the Court rejected inmates' claims that they were denied a liberty interest because

3  there was an absence of "some evidence" to support the decision to deny parole. The Court

4  stated:

> There is no right under the Federal Constitution to be conditionally released before the expiration of a valid sentence, and the States are under no duty to offer parole to their prisoners. (Citation omitted.) When, however, a State creates a liberty interest, the Due Process Clause requires fair procedures for its vindication-and federal courts will review the application of those constitutionally required procedures. In the context of parole, we have held that the procedures required are minimal. In Greenholtz, we found that a prisoner subject to a parole statute similar to California's received adequate process when he was allowed an opportunity to be heard and was provided a statement of the reasons why parole was denied. (Citation omitted.)

Swarthout, 131 S.Ct. at 862. The Court concluded that the petitioners had received the process that was due as follows:

> They were allowed to speak at their parole hearings and to contest the evidence against them, were afforded access to their records in advance, and were notified as to the reasons why parole was denied....
>
> That should have been the beginning and the end of the federal habeas courts' inquiry into whether [the petitioners] received due process.

Swarthout, 131 S.Ct. at 862. The Court in Swarthout expressly noted that California's "some evidence" rule is not a substantive federal requirement, and correct application of California's "some evidence" standard is not required by the Federal Due Process Clause. Id. at 862-63.

Here, Petitioner argues that the Board improperly relied on evidence relating to Petitioner's crime. In so arguing, Petitioner asks this Court to engage in the very type of analysis foreclosed by Swarthout. Petitioner does not state facts that point to a real possibility of constitutional error or that otherwise would entitle Petitioner to habeas relief because California's "some evidence" requirement is not a substantive federal requirement. Review of

---

[1] In Greenholtz, the Court held that a formal hearing is not required with respect to a decision concerning granting or denying discretionary parole; it is sufficient to permit the inmate to have an opportunity to be heard and to be given a statement of reasons for the decision made. Id. at 16. The decision maker is not required to state the evidence relied upon in coming to the decision. Id. at 15-16. In Greenholtz, the Court held that due process was satisfied where the inmate received a statement of reasons for the decision and had an effective opportunity to insure that the records being considered were his records, and to present any special considerations demonstrating why he was an appropriate candidate for parole. Id. at 15.

the record for "some evidence" to support the denial of parole is not within the scope of this Court's habeas review under 28 U.S.C. § 2254. The Court concludes that Petitioner's claim concerning the evidence supporting the unsuitability finding should be dismissed.

A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis, 440 F.2d at 14.

Although Petitioner asserts that his right to due process of law was violated by the Board's decision, Petitioner does not set forth any specific facts concerning his attendance at the parole hearing, his opportunity to be heard, or his receipt of a statement of reasons for the parole decision. Petitioner has not alleged facts pointing to a real possibility of a violation of the minimal requirements of due process set forth in Greenholtz, 442 U.S. 1.

The Court concludes that it would be futile to grant Petitioner leave to amend and recommends that the claim be dismissed.

### d.     Cruel and Unusual Punishment

Petitioner generally alleges that the Board's decision constituted cruel and unusual punishment in that it impermissibly extends the term of his sentence to one of life without the possibility of parole.

"There is no right under the Federal Constitution to be conditionally released before the expiration of a valid sentence, and the States are under no duty to offer parole to their prisoners." Swarthout v. Cooke, 131 S.Ct. at 862. However, a criminal sentence that is "grossly disproportionate" to the crime for which a defendant is convicted may violate the Eighth Amendment. Lockyer v. Andrade, 538 U.S. 63, 72, 123 S. Ct. 1166, 155 L. Ed. 2d 144 (2003); Harmelin v. Michigan, 501 U.S. 957, 1001, 111 S. Ct. 2680, 115 L. Ed. 2d 836 (1991) (Kennedy, J., concurring); Rummel v. Estelle, 445 U.S. 263, 271, 100 S. Ct. 1133, 63 L. Ed. 2d 382 (1980).

Outside of the capital punishment context, the Eighth Amendment prohibits only sentences that are extreme and grossly disproportionate to the crime. United States v. Bland, 961 F.2d 123, 129 (9th Cir. 1992) (quoting Harmelin, 501 U.S. at 1001). Such instances are

1  "exceedingly rare" and occur in only "extreme" cases. Lockyer, 538 U.S. at 72-73; Rummel,
2  445 U.S. at 272. So long as a sentence does not exceed statutory maximums, it will not be
3  considered cruel and unusual punishment under the Eighth Amendment. See United States
4  v. Mejia-Mesa, 153 F.3d 925, 930 (9th Cir.1998); United States v. McDougherty, 920 F.2d 569,
5  576 (9th Cir. 1990). Further, it has been held that a sentence of fifty years to life for murder
6  with use of a firearm is not grossly disproportionate. Plascencia v. Alameida, 467 F.3d 1190,
7  1204 (9th Cir. 2006).

8        Here, Petitioner was convicted of one count of first degree murder, one count of second
9  degree murder, and various enhancements. The punishment for first degree murder ranges
10 from twenty-five (25) years to life to punishment by death. Cal. Pen. Code § 190(a). Petitioner
11 was sentenced to twenty years to life. Accordingly, Petitioner's sentence does not exceed the
12 statutory maximum.

13       Further, the actions of the Board do not constitute cruel and unusual punishment.
14 Petitioner explains that being rejected for parole by the Board in light of his expectations and
15 desire for release violates the Eighth Amendment. Petitioner's disappointment is
16 understandable, however, the Board's decision, while lengthening his physical term of
17 confinement, does not change his original sentence. As Petitioner is serving an indeterminate
18 sentence, it is possible that he may be paroled, but it is also possible that he shall remain
19 incarcerated for the entire life term.  Petitioner has not stated facts that would entitle him to
20 Federal habeas relief under the Eighth Amendment's prohibition against cruel and unusual
21 punishment.

22       In view of the pertinent state statutory scheme, it does not appear that Petitioner could
23 allege a tenable cruel and unusual punishment claim. It will be recommended that Petitioner's
24 cruel and unusual punishment claim be dismissed without leave to amend.

25 **I.**     **RECOMMENDATION**

26       Accordingly, it is RECOMMENDED that the petition be DISMISSED without leave to
27 amend for failure to state a cognizable claim for relief. Further, the Court ORDERS the Clerk
28 of Court to assign a District Court Judge to the present matter.

These findings and recommendations are submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within fourteen (14) days (plus three (3) days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    October 17, 2012              /s/ *Michael J. Seng*
                                        UNITED STATES MAGISTRATE JUDGE

U.S. District Court
E. D. California
-6-